**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8               FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   EDDIE RAPOZA,                              No. C 08-5616 WHA (PR)

11              Petitioner,                     **ORDER TO SHOW CAUSE; DENIAL OF LEAVE TO PROCEED IN FORMA PAUPERIS**

12      v.

13   JAMES WALKER, Warden,

14              Respondent.

                                          /
15

16          Petitioner, a California prisoner currently incarcerated at New Folsom State Prison, has

17   filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He also

18   requests leave to proceed in forma pauperis.  Venue is proper because the conviction was

19   obtained in San Mateo County, which is in this district.  *See* 28 U.S.C. § 2241(d).

20                              **STATEMENT**

21          A jury convicted petitioner of murder.  He was sentenced to prison for life without the

22   possibility of parole.  His conviction was affirmed on direct appeal by the California Court of

23   Appeal, and the California Supreme Court denied review.  Petitioner also filed a state habeas

24   petition in the California Supreme Court; it was denied.

25                              **DISCUSSION**

26   **A.    STANDARD OF REVIEW**

27          This court may entertain a petition for writ of habeas corpus "in behalf of a person in

28   custody pursuant to the judgment of a State court only on the ground that he is in custody in

1  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose*

2  *v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading

3  requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ

4  of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state

5  court must "specify all the grounds for relief which are available to the petitioner ... and shall

6  set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of

7  the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not

8  sufficient, for the petition is expected to state facts that point to a 'real possibility of

9  constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d

10  688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient

11  are subject to summary dismissal."  *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d

12  1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

13  **B.    LEGAL CLAIMS**

14  Petitioner lists his claims as "see attached writ of habeas corpus."  The attachment is a

15  form state  petition.  His first issue in the state petition, hence his first federal habeas claim as

16  well, is "[c]oerced confession see exhibit (A)."  In the supporting facts section of the form he

17  says "[p]etitoner  was interrogated by law enforcement officers while on mind altering

18  medications.  See exhibit (A)."  Exhibit A is a typed statement or letter from which it is possible

19  to deduce that petitioner's claim is that he was medicated when questioned by police, that their

20  questioning him in that condition constituted coercion, and that as a result his statements should

21  have been suppressed.  This first federal issue is sufficient to require a response.  *See Blackburn*

22  *v. Alabama*, 361 U.S. 199, 207 (1960) (involuntary confessions in state criminal cases are

23  inadmissible under the Fourteenth Amendment).

24  For his second claim in the state habeas petition, petitioner has written only "[s]ee

25  exhibit (B)."  Exhibit B appears to be his opening brief on direct appeal.  In it he argues six

26  issues.

27  To the extent that the first and second issues in the appellate brief involve federal issues,

28  they are related and will be treated as a single federal habeas issue, federal issue two.  In the

United States District Court

For the Northern District of California

2

1   first appellate claim petitioner contends that admission of certain out-of-court statements by one

2   of the victims violated his due process and confrontation clause rights, citing *Crawford v.*

3   *Washington*, 541 U.S. 36 (2004).  In the second he contends that the trial court incorrectly

4   applied the doctrine of "forfeiture by wrongdoing" as a basis to admit some of the statements.

5   Given that the rationale of the court of appeal's opinion as to forfeiture by wrongdoing has been

6   disapproved by the United States Supreme Court, this is sufficient to require a response.  *See*

7   *Giles v. California*, 128 S.Ct. 2678, 2682-88 (2008) (doctrine of forfeiture by wrongdoing is

8   exception to *Crawford* rule only when wrongdoer acted with intent to prevent witness from

9   testifying).

10          In his third claim in the appellate brief, federal issue three, petitioner contends that his

11   rights were violated by the trial court's failure to instruct on manslaughter as a lesser-included

12   offense.  The general rule in the Ninth Circuit is that there is no constitutional right to lesser-

13   included offense instructions in noncapital cases, but that in some cases a defendant's right to

14   appropriate jury instructions on the defense theory of the case might require an  exception.

15   *Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000).  This claim is sufficient to require a

16   response.

17          In his fourth claim in the appellate brief, petitioner contends that the trial court "erred"

18   in admitting a photograph of the deceased fetus.  There is no contention that admission of the

19   photograph violated petitioner's constitutional rights.  Although two federal cases are cited, the

20   citation is only to support a preliminary step in petitioner's reasoning that whether killing a

21   fetus can be murder under California law was not an issue – the citations are not an attempt to

22   raise a federal issue.  This claim will be dismissed.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68

23   (1991) (federal habeas unavailable for violations of state law or for alleged error in the

24   interpretation or application of state law).  This is federal issue four.

25          In his fifth claim in the appellate brief, federal issue five, petitioner contends that the

26   cumulative effect of the alleged errors "requires reversal."  This is an argument as to prejudice,

27   not a ground for relief.  It will be dismissed.

28          In his sixth issue in the appellate brief, federal issue six, petitioner contends that his

United States District Court

For the Northern District of California

3

1    right to effective assistance of appellate counsel and his due process and equal protection rights

2    were violated when appellate counsel was not provided with the complete record.  This claim is

3    sufficient to proceed.

4         In the third issue in the state habeas petition, federal issue seven, petitioner has written

5    "see exhibit (C)."  Exhibit C consists of a copy of the court of appeal opinion in petitioner's

6    case and a copy of his petition for review to the California Supreme Court.  Not surprisingly, it

7    appears to present no issues other than those discussed above, the issues that were raised in

8    petitioner's opening brief on appeal.  This claim will be dismissed.

9         In the fourth issue in the state habeas petition, federal issue eight, petitioner has "See

10   Ground (D)[;] Confrontation Violation."  As supporting facts, he has written "Lawyers did not

11   call single/only defense eye witness."  After skipping several lines of the form, he then has

12   written "Ground (E) tolling."  The reference to ground E appears to be an attempt to state a

13   separate issue, which would be federal issue nine.  It is discussed below.

14        As to federal issue eight, the confrontation claim, petitioner has provided exhibit D,

15   which is a letter from a person named Michael Zerbe, who identifies himself in the letter as "an

16   eyewitness to the accident . . . and the first person on the accident scene."  In the letter Zerbe

17   contends that counsel was ineffective in not calling him.  Construed as an ineffective assistance

18   claim, the allegations are sufficient to require a response.

19        Federal issue nine is an argument that petitioner is entitled to tolling because of his lack

20   of education, his mental illness, the ineffective assistance of trial and appellate counsel, and

21   because his conviction was a miscarriage of justice.  These are arguments petitioner may wish

22   to pursue if respondent contends that the petition is barred by the statute of limitations, but they

23   are not grounds for relief.  This issue will be dismissed.

**CONCLUSION**

25        1. In view of petitioner's income and account balance, leave to proceed in forma

26   pauperis (document number 2 on the docket) is **DENIED**.  Petitioner must pay the five dollar

27   ($5) filing fee within thirty days of the date this order is entered or the case will be dismissed.

28        2. The issues identified above as federal issues four, five, seven, and nine are

4

United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

1   **DISMISSED**.

2       3.   The clerk shall mail a copy of this order and the petition with all attachments to the

3   respondent and the respondent's attorney, the Attorney General of the State of California.  The

4   clerk shall also serve a copy of this order on the petitioner.

5       4.   Respondent shall file with the court and serve on petitioner, within sixty days of

6   service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing

7   Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.

8   Respondent shall file the record with the answer and serve it on petitioner.

9       If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the

10  court and serving it on respondent within thirty days of service of the answer.

11      5.   Respondent may file a motion to dismiss on procedural grounds in lieu of an answer,

12  as set forth in Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a

13  motion, petitioner shall file with the court and serve on respondent an opposition or statement of

14  non-opposition within thirty days of service of the motion, and respondent shall file with the

15  court and serve on petitioner a reply within fifteen days of service of any opposition.  If a

16  motion is filed it will be ruled upon without oral argument, unless otherwise ordered.

17      6.   Petitioner is reminded that all communications with the court must be served on

18  respondent by mailing a copy of the document to respondent's counsel.  Papers intended to be

19  filed in this case should be addressed to the clerk rather than to the undersigned.  Petitioner also

20  must keep the court informed of any change of address by filing a separate paper with the clerk

21  headed "Notice of Change of Address," and comply with any orders of the court within the time

22  allowed, or ask for an extension of that time.  Failure to do so may result in the dismissal of this

23  action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

24      **IT IS SO ORDERED.**

25  Dated:  January _____14_____, 2009.        _____

26                                              WILLIAM ALSUP
                                                UNITED STATES DISTRICT JUDGE

27

28

G:\PRO-SE\WHA\HC.08\RAPOZA5616.OSC.wpd

5