IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDDIE RAPOZA,<br><br>    Petitioner,<br><br>  v.<br><br>JAMES WALKER, Warden,<br><br>    Respondent.<br>                                       / | No. C 08-5616 WHA (PR)<br><br>**ORDER DENYING MOTION FOR STAY; GRANTING EXTENSION OF TIME**<br><br>(Docket Nos. 12 & 13) |

       This is a habeas case filed pro se by a state prisoner. Respondent was ordered to show cause why the petition should not be granted based on five cognizable claims. Respondent has filed an answer and supporting papers denying the claims. Petitioner moves for a stay of proceedings to allow him to exhaust a claim in state court. He has also filed a motion for an extension of time to file a traverse.

       The United States Supreme Court has held that district courts have authority to stay mixed petitions to allow exhaustion. *Rhines v. Webber*, 125 S.Ct. 1528, 1535 (2005). Such stays can, however, only be granted upon a showing of good cause for petitioner's failure to exhaust the issues before filing the federal petition, and a showing that the issues which the petitioner proposes to exhaust are "potentially meritorious." *Id.*

       Petitioner indicates that he would like to exhaust a claim that there was exculpatory testimony by an eyewitness named Michael Zerbe that was never presented at trial. Petitioner argues that Zerbe's testimony is new evidence that establishes his actual innocence. "Claims of

1   actual innocence based on newly discovered evidence have never been held to state a ground for
2   federal habeas relief absent an independent constitutional violation occurring in the underlying
3   state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see Coley v.*
4   *Gonzalez*, 55 F.3d 1385, 1387 (9th Cir. 1995) (free-standing claim of actual innocence not
5   cognizable basis for federal habeas relief).  Petitioner's free-standing claim of actual innocence
6   is not cognizable, and consequently, under *Rhines*, petitioner is not entitled to a stay while he
7   exhausts such a claim.  To the extent petitioner claims that trial counsel was ineffective in
8   failing to present Zerbe's testimony, such a claim has already been included in the petition,
9   identified in the order to show cause, and addressed by respondent on its merits.  As respondent
10  does not contend that this claim has not been exhausted, there is no need for petitioner to
11  exhaust such a claim further, or to obtain a stay for that purpose.  Accordingly, petitioner's
12  motion for a stay (docket number 12) is **DENIED**.

13       Good cause appearing, petitioner's request for an extension of time in which to file a
14  traverse (docket number 13) is **GRANTED**.  The deadline for filing a traverse is **December 31,**
15  **2009**.  No further extensions of time will be granted.

16       **IT IS SO ORDERED.**

17  Dated: November    20   , 2009.
18                                              WILLIAM ALSUP
                                                UNITED STATES DISTRICT JUDGE

28  G:\PRO-SE\WHA\HC.08\RAPOZA5616.STAY-DENY.wpd

2